# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Ryan M. Lau

v.

Mary Washington College

Case No. CL00-101

BY JUDGE JOHN W. SCOTT, JR.

November 3, 2000

This matter comes before the Court on the appeal of the petitioner, Ryan M. Lau, of the decision of the respondent, Mary Washington College, denying her application for "Virginia State Resident Status." The Court has reviewed the administrative record of these proceedings and considered the written arguments of the parties.

## Statement of Facts

The petitioner moved to Virginia in July of 1997. At that time her parents, who lived in California, stopped claiming her as a dependant for Federal and State Income Tax purposes. The petitioner lived in an apartment located within her grandparents' home and received no further formal financial support from her parents. Beginning in July of 1997, the petitioner supported herself with the income from a trust fund, student loans, and part-time employment. The petitioner's trust fund was established by her grandparents in 1980. The apartment that was made available to the petitioner is located in Ashland, Hanover County, Virginia.

Shortly after moving to Virginia, the Petitioner relinquished her out-of-state driver's license and obtained a Virginia driver's license. She also filed Virginia State Tax Returns and registered to vote in the Commonwealth. The petitioner currently resides in a private apartment that is neither owned, operated, or affiliated in any way with Mary Washington College.

*Opinion*

The petitioner's request to be considered as an in-state resident for public college tuition purposes is controlled by § 23.7-4(B), which states in pertinent part:

> To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed.
>
> To become eligible for in-state tuition, a dependent student or unemancipated minor shall establish by clear and convincing evidence that for a period of at least one year prior to the date of the alleged entitlement, the person through whom he claims eligibility was domiciled in Virginia and had abandoned any previous domicile, if such existed. ...
>
> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.
>
> Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.

The application of the terms and conditions of this Statute must resolve the question as to whether the petitioner is in the Commonwealth for the purpose of attending school and not as a *bona fide* domiciliary. Furthermore, the evidence in support of the petitioner's assertion that she is a *bona fide* domiciliary must satisfy the standard of clear and convincing proof.

Our review of the petitioner's domiciliary status must take into consideration all aspects of her life on a year round basis. For more than one year prior to filing for in-state student status, the petitioner has lived in Virginia on a twelve month basis, worked in Virginia when employed, filed State Income Tax Returns in Virginia, had a Virginia Driver's License, had an automobile that was registered in Virginia, is registered to vote in Hanover County Virginia, and has no legal ties to any other state. All of these things were established or in effect prior to one year of the date that the petitioner claims entitlement to in-state tuition rates.

This Court specifically finds that the petitioner has demonstrated by clear and convincing evidence that for more than one year prior to her request for in-state tuition entitlement, she was a *bona fide* domiciliary of the Commonwealth of Virginia. It is therefore adjudged, ordered, and decreed that the petitioner should be classified as a student entitled to in-state tuition rates, fees, and privileges by the respondent, Mary Washington College.

November 21, 2000

The Court having received an objection to its ruling of November 3, 2000, from the respondent, hereby supplements its initial Memorandum Opinion and Order as follows.

Virginia Code § 23-7.4 (1950, as amended) clearly sets forth a standard of review to be applied by a circuit court reviewing an administrative decision concerning in-state tuition. The Statute requires the Court, whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law.

Having applied this standard to the administrative record, this Court finds no reasonable factual basis to support the respondent's decision to deny the petitioner in-state tuition. The respondent's decision is "arbitrary and capricious" and in violation of § 23-7.4, Code of Va. (1950, as amended).

The Memorandum Opinion and Order of this Court dated November 3, 2000, is incorporated herein as if fully set forth.